UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CAMMI ORTIZ

                                   Plaintiff,

         -against-                               INDEX#:

MICHAEL ARDOLINO SHIELD NO. 3101, individually
and as an agent of THE NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT COMMAND;
THE NEW YORK CITY POLICE DEPARTMENT 75
POLICE PRECINCT, POLICE OFFICER DANIEL
GERARDI, SHIELD #: UNKNOWN), individually and as
a member of the NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT
COMMAND; POLICE SARGEANT GARY CALHOUN,
SHIELD #: UNKNOWN), individually and as a member of
the NEW YORK CITY POLICE DEPARTMENT 75TH
POLICE PRECINCT COMMAND; THE NEW YORK
CITY DEPARTMENT OF CORRECTIONS, THE CITY
OF NEW YORK.

                               Defendants.

**COMPLAINT AND
JURY DEMAND**

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seek relief for among other acts and or omissions, the violation of her rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2.    The claims arise from an incident that occurred on or about May 10, 2017 wherein which the police officers and police sergeant named above herein as defendants made false statements about Cammi Ortiz to members of the District Attorney's Office Kings County that led to Cammi Ortiz being prosecuted and said statements were made after Cammi Ortiz was subjected to the false arrest and detention by said members of the police department.

3.    As a direct result of the acts, omissions and false allegations by the Defendants, and the failure of the New York City Police Department to investigate the allegations pertinent to said incident, Plaintiff, was unlawfully and unjustly arrested by members of the New York

City Police department and was subsequently indicted for serious felony charges, discharged from her job as member  as a Corrections officer with the New York City Department of Corrections, and was made to suffer serious emotional disturbance, loss of wages, loss of her good name in the community and to be featured in several New York City media outlets as a notorious drug dealing member of the Pink house criminal enterprise.

4. The Defendant Department of Corrections did not investigate these allegations and therefore Cammi Ortiz was wrongfully terminated.

5. The New York City Police Department also failed to properly investigate these claims and contributed to the damages now complained of.

## THIS ACTION IS TIMELY

6. This action involves State Court claims as well as Federal claims against the Defendants.

7. It is submitted that the Plaintiff's action is timely and thus the Court should permit the Defendants to proceed accordingly.

8. The Plaintiffs, have issues that continue to present daily.

9. The acts and or omissions by Defendants against Plaintiffs' interest are on-going and the time to pursue the claims Plaintiffs have against Defendants has not run.

10. Plaintiff has suffered and continues to suffer the emotional crisis that has resulted from the acts and omissions committed by the Defendants against her.

## JURISDICTION

11. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

12. The amount in controversy exceeds $75,000.00 excluding interest and costs.

13. Venue is laid within the United States District Court for the Eastern District of New York

in that Defendants are all located in or within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

14.  Since it is submitted that the Court has jurisdiction to hear the Federal Court causes of action listed below herein, this Court should recognize the Plaintiff's right to invoke the supplemental jurisdiction of this Court to adjudicate the pendent State law claims pursuant to 28 U.S.C. §1367.

**PARTIES**

15.  At all times relevant to this action, Plaintiff CAMMI ORTIZ, hereafter referred to as "Ms. "Ortiz," "Cammi," or "Plaintiff" was a resident of the State of New York, Kings County. Ms. Ortiz is currently of resident of the State of New York, Kings County

16.  At all times relevant to this action, Defendant, MICHAEL ARDOLINO hereafter referred to as (Officer Ardolino), is believed to be a resident of the State of New York, and works in Kings County as an employee of the City of New York and was working as an employee of the City of New York at the time the claims raised herein arose.

17.  At all times relevant to this action, Defendant, DANIEL GERARDI hereafter referred to as (Officer Gerardi), is believed to be a resident of the State of New York, and works in Kings County as an employee of the City of New York and was working as an employee of the City of New York at the time the claims raised herein arose.

18.  At all times relevant to this action, Defendant, GARY CALHOUN, hereafter referred to as (Sargeant Calhoun), is believed to be a resident of the State of New York, and works in Kings County as an employee of the City of New York and was working as an employee of the City of New York at the time the claims raised herein arose.

19.  Defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

20.  Defendant, THE 75 PRECINCT OF THE NEW YORK CITY POLICE DEPARTMENT, is

a branch of Defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

21. Defendant, CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk identical to the maintenance of a police force and the employment of Police Officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendants, Police Officer MICHAEL ARDOLINO, Police Officer DANIEL GERARDI and Police Sargeant GARY CALHOUN.

22. Defendant, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, is a municipal agency of the Defendant, CITY OF NEW YORK.

23. At all times relevant herein defendants, Police Officer MICHAEL ARDOLINO, Police Officer DANIEL GERARDI, and Police Sargeant GARY CALHOUN, were acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of the their duties and function as officers, agents, servants, and employees of the Defendant CITY OF NEW YORK, were acting for , and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. They are being sued individually and in their official capacity.

24. By the conduct, acts, and omissions complained of herein, defendants, Police Officer MICHAEL ARDOLINO, Police Officer DANIEL GERARDI, and Police Sargeant GARY CALHOUN, violated clearly established constitutional standards under the First, Fourth,

4

and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

25. Moreover, the conduct and acts of Defendants Police Officer MICHAEL ARDOLINO, Police Officer DANIEL GERARDI, and Police Sergeant GARY CALHOUN, caused the members of the District Attorney's office Kings County to violate clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of the United States Constitution of which reasonable police officer under the circumstances would have known.

## **FACTUAL ALLEGATIONS**

26. On or about May 10, 2017, at approximately 1:25 am, Police Officer MICHAEL ARDOLINO,  Police Officer DANIEL GERARDI, and Police Sargeant GARY CALHOUN, and several others went to the location known as 226 Montauk Avenue, Brooklyn, NY, to execute an arrest warrant against William Wright.

27. At some point, William Wright stepped out into the hall way of the building known as 226 Montauk Avenue, Brooklyn, NY to surrender and Police Officer MICHAEL ARDOLINO, Police Officer DANIEL GERARDI, and Police Sargeant GARY CALHOUN, and several other members of the New York City Police Department ran into the apartment where Cammi Ortiz was sleeping.

28. The Defendants did not have a search warrant.

29. At some point, Cammi Ortiz was awakened, and subsequently arrested.

30. The Defendants reported that they found Cammi Ortiz in possession of drugs and other contraband and also reported facts that were false to a member of the District Attorney's Office Kings County.

31. The acts, omissions, misrepresentations by Police Officer MICHAEL ARDOLINO,  Police Officer DANIEL GERARDI, and Police Sargeant GARY CALHOUN, led to Cammi Ortiz

being indicted under indictment number 3716-2017, to be terminated from her employment as a New York City Corrections Officer, to suffer extreme emotional disturbance, to lose a substantial amount of weight among other damages.

32. Cammi Ortiz maintained that she was innocent, that she did not use, sell or otherwise involve herself with any type of drugs to no avail.

33. Ultimately, despite the fact that Cammi Ortiz was drug tested and the results were negative, Defendant New York City Department of Corrections terminated Cammi Ortiz.

34. Moreover, the employees of the City of New York made reports to various media outlets that led to stories being written in the newspapers and broadcasted on the news that Cammi Ortiz, was dealing drugs with notorious members of the Pink Houses criminal enterprise.

35. Cammi Ortiz has made several requests to be restored to her position as a New York City Corrections Officer to no avail.

36. Cammi Ortiz has been denied employment repeatedly because of the charges that she was indicted for.

37. This is true even though, counsel for Cammi Ortiz in the Criminal Case under indictment number 3716-2017 was dismiss and sealed.

38. The basis of the dismissal was that counsel in the Criminal case secured a video tape recording that dismissed and disproved the facts that were asserted by the Defendant officers and Sargeant.

39. The charges were dismissed because Cammi Ortiz was fortunate enough to have a facebook live video that showed that just about every account given by the police officers and or sergeant were false.

40. But for this secret recording being uploaded to facebook, Cammi Ortiz would not have had the benefits of this video.

41. Upon information and belief, the defendants seized the telephone on which the recording

was made and deleted the recording from said phone.  Unfortunate for the Defendants the videographer was smart enough to upload the video to facebook live and therefore, it was preserved.

42.   It is submitted that these actions were malicious and form the basis of the claims being set forth herein.

43.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to her reputation, ability to earn a living, has been excluded from the City's employment roll, and has suffered injury to goodwill and reputation, all of which are not yet fully ascertainable.

## NOTICE OF RIGHT TO SUE

44.   This case incorporates wrongful termination cause of action and discrimination cause of action against a municipality.

45.   However, the Plaintiff has not filed any claim with the US Equal Employment Opportunity Commission, New York District Office (EEOC) and therefore the EEOC has not issued a notice of right to sue.

46.   The Plaintiff has served the Defendants with notice of her claims via a 50H notice that was timely filed.

## FACTUAL ALLEGATIONS

47.   Plaintiff is a corrections officer that was employed as a correction with the City of New York.

48.   Plaintiff has an associate's degree in criminal justice from ASA College, the same was acquired in 2012.

49.   Plaintiff is currently a customer Service Representative for a New Yorker E-commerce advisory, namely, The Saatva Mattress Company.  background check shows her being arrested for drug related felonies.

50. Plaintiff is earning $15.00 per hour.

51. As a corrections officer, plaintiff earned approximately $65,000.00 per year plus overtime and medical, dental and other benefits that she does not have working as a Customer Service Representative. .

52. Prior to being arrested, Plaintiff weighed 270 pounds.

53. Plaintiff now weighs 235 pounds.

54. Plaintiff attributes the weight loss to the emotional stress she underwent from being wrongfully arrested, charged, and prosecuted for false charges and losing a job she worked very hard for.

55. Plaintiff had one arrest as a teenager for trespass and that charge was dismissed and sealed.

56. Plaintiff maintains that on May 10, 2017 at approximately 1:25 am she was asleep after a a night of fun and socialization with friends and her boyfriend William Wright.

57. Ultimately, the police appeared at William's apartment.

58. They demanded that he come outside to be arrested based on an arrest warrant.

59. Someone took out their phone and started a facebook live video.

60. Ultimately, the police ran into William's apartment while William was already in the common hallway and had surrendered peacefully.

61. The police then engaged in the illegal search of the apartment and subsequent to this search, the police applied for a search warrant.

62. The Plaintiff is then falsely accused of being in possession of drugs and other contraband and these false allegations led to the Plaintiff being prosecuted by the Kings County District Attorney's office, being fired from her job and being slandered in the Newspaper.

63. Plaintiff has been unable to find work commensurate with the pay she once earned from the City of New York and has been denied her licenses and other benefits that she earned

based on her educational and professional pursuits.

64. Plaintiff has been seeing a therapist because she can't eat, sleep, cries often and has been losing weight, experiencing hair loss, anxiety and other issues.

65. The case has been dismissed after the Kings County District Attorney's office secured a videotape that proved that the police officers lied in their statements, and that the facts alleged by the police were proven false and inaccurate.

66. The police actually erased the videotape from the cellphone after the Plaintiff and her co-defendants were arrested.

67. However, fortunate for the Plaintiff the video was uploaded to face book live and was preserved and therefore it was accessed and downloaded to Plaintiff's benefits.

68. The Plaintiff's name was plastered over the television and newspapers as the police reported to the press that the Plaintiff was a member of the Pink house gang criminal enterprise and that they were engaged in drug dealing schemes and plans.

69. The Plaintiff has not been able to secure any government jobs as the termination from the City of New York has served to black list her.

70. The plaintiff also suspects retaliation as she filed complaints and tried to appeal the termination and has not been considered for any other city job since doing so.

71. Plaintiff suspects that the officers discriminated against her because of her race, gender and weight.

72. Plaintiff suspects that the job discriminated against her because she is young, black and female and thus the Defendant Department of Corrections did not do any investigation and was inclined to believe the false allegations as young black women as viewed as immoral, criminal and less deserving of regard.

## RELEVANT STATUTES

73. Plaintiff seek damages as follows:

9

    a) Economic damages,

    b) Compensatory damages (including emotional distress damages),

    c) Punitive damages, Liquidated damages, and

    d) Attorney fees.

74. Plaintiff is also seeking in addition to monetary recovery, non-monetary remedies, i.e., reinstatement to her job as a corrections officer, and an injunction against further unlawful acts.

75. Title VII of the Civil Rights Act of 1964 (Title VII) provides for attorney fees and "capped" compensatory and punitive damages (depending on the number of employees);

76. The New York State Human Rights Law (NYSHRL) provides for neither attorney fees nor punitive damages but provides for "uncapped" compensatory damages;

77. The New York City Human Rights Law (NYCHRL) provides for uncapped compensatory and punitive damages, as well as attorney fees; and

78. The Age Discrimination in Employment Act of 1967 (ADEA) does not provide for compensatory damages, but rather provides for "liquidated damages" for "willful" violations.

79. Plaintiff maintains that the causes of actions set forth below herein are sustainable under all of the statutes discussed above herein.

80. The Plaintiff is empowered under the statutory laws in this State to be placed in the same position in which they would have been in if the discrimination, bad acts and omissions, did not occur.

81. It is submitted that Plaintiff is entitled to economic damages, which include "back pay" and "front pay" as these are the most objective measure of damages.

82. The basis of this demand for damages in the form of back pay is that the back pay being demanded is the amount equal to the wages that Plaintiff would have earned from the date

of discharge to the date of reinstatement, along with lost fringe benefits such as vacation pay and pension benefits. Noel v. New York State Office of Mental Health Cent. New York Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012).

83. The purpose of the demand for back pay is to completely redress the economic injury the plaintiff has suffered as a result of discrimination, acts and or omissions committed by Defendants against Plaintiff's interest.

84. There is no question that in order to make Plaintiff whole a grant of back pay upon a finding of discrimination, is the rule, not the exception.

85. The Plaintiff also demand front pay for which is described as the amount awarded for lost compensation that Plaintiff would have enjoyed during the period between judgment and reinstatement or instead of reinstatement.

86. While front pay is a discretionary award designed to make victims of discrimination whole, it is submitted that, upon a finding of discrimination, Plaintiff should be awarded front pay because Plaintiff has no reasonable prospect of obtaining comparable alternative employment.

87. Plaintiff could not mitigate the damages because Plaintiff has been incapacitated by depression and has on-going feelings of shame and worthlessness that was brought on by the Defendants' bad acts.

88. Plaintiff seeks compensatory damages for the losses such as out-of-pocket expenses caused by the Defendants' discrimination, acts and or omissions, and any and all emotional harm suffered by Plaintiff, namely, mental anguish, inconvenience, and or loss of enjoyment of life).

89. It is submitted that the discrimination, acts and omissions being complained of by Plaintiff all fall in the categories of: (1) "garden variety"; (2) "significant"; and (3) "egregious."

90. The basis of this statement is that Plaintiff has stated and is willing to testify that in vague

or conclusory terms, without relating either the severity or consequences of the injury.

91. However, Plaintiff is also prepared to submit documentary and testimonial evidence of significant emotional distress at trial, that would establish that the claims being pursued here stem from more substantial harm or more offensive conduct, and can be supported by medical testimony and evidence, evidence of treatment by a mental healthcare professional and/or medication, and or testimony from other, corroborating witnesses.

92. It is submitted that the facts outlined above herein support a finding that the conduct complained of led to egregious emotional distress, in that the behavior by Defendants was outrageous or shocking discriminatory conduct and such conduct had a significant impact on the Plaintiff's physical health.

93. The discrimination complained of affected plaintiff's mental and physical health.

94. Plaintiff has experienced and continues to experience feelings of humiliation, and felt degraded and demeaned by the conduct of the Defendants.

95. Plaintiff was not able to sleep, suffered loss of appetite, stopped caring for plaintiff's appearance and was easily agitated and was often anti-social.

96. Plaintiff has been seeing Jacqueline Brown for counseling but has not been getting proper medical care as Plaintiff does not have the medical benefits she had when she worked for the Department of corrections.

97. It is submitted that Punitive Damages are warranted here to punish the Defendants and to deter future similar actions by defendants and others similarly situated as defendants as the conduct complained of constitutes malicious and or reckless acts of discrimination.

98. The Plaintiff maintains that she is able to recover the above damages for Defendants' violations of various statutes, including Title VII and the NYCHRL.

99. Plaintiff also seeks damages under Title VII (per the Civil Rights Act of 1991) and the NYCHRL because the Defendants have engaged in intentional discrimination and has done

so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

100. The Plaintiff maintain that the Defendants targeted Plaintiff by (1) discriminating or retaliating against the plaintiff with conscious knowledge that Defendant was violating the law, and the Defendants (2) engaged in egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn.

101. Plaintiff notes that in this context, malice and reckless indifference refer to the defendant's knowledge that it may be acting in violation of law, rather than its awareness that it is engaging in discrimination.

102. Plaintiff is entitled to punitive damages because the defendants' conduct is reprehensible.

103. Since this is an wrongful termination and employment discrimination case, the Plaintiff maintains that her eligibility for punitive damages should be characterized in terms of a defendant's motive or intent, and defendant's "reprehensible conduct" should be measured by the defendant's "malice or recklessly indifferent" state of mind.  BMW v. Gore, 517 U.S. 559 (1996) and Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999).

104. Plaintiffs concede that under Title VII, the amount of compensatory damages and punitive damages (taken together) is "capped," depending on the number of employees the employer has but maintains that the cap applicable here should be based on the fact that the Defendant has 500 employees or more.

105. However, the Court should consider the fact that under, NYCHRL, there is no cap.

106. The Plaintiff is also seeking Liquidated Damages as outlined by statute.  See, ADEA, the Equal Pay Act of 1963; Family and Medical Leave Act of 1993 (FMLA), Cross v. NYC Transit Authority.

107. Plaintiff is entitled to attorney's fees.

108. Title VII, the ADEA, the ADA, the FMLA, 42 U.S.C. § 1981, and the NYCHRL  authorize

13

the court to allow a prevailing party a reasonable attorney fee.

109. The concept of attorney's fee is to encourage Plaintiffs to bring meritorious suits by

providing Plaintiffs with a source of funds for retaining competent counsel.

**Defamation (Libel and Slander).**

110. Defamation includes both libel and slander:

111. Defamation consists of "the twin torts of libel and slander" and "is the invasion of the interest

in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir. 2001)

(quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th Dep't), aff'd,

58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)). Where, as in this case, the libelous statements are

defamatory on their face ("libel per se") – that is, when there is no need to refer to

explanatory matter to explain the defamatory meaning – general damages to the subject's

reputation are presumed without the necessity of establishing any special damages.

Defamation consists of "the twin torts of libel and slander" and "is the invasion of the interest

in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir. 2001)

(quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th Dep't), aff'd,

58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)).

112. Accordingly, if a jury finds libel per se, it is required to award damages to compensate the

plaintiff for harm to her reputation.

113. As with libel per se, where the slanderous statements are defamatory on their face ("slander

per se"), general damage to the plaintiff's reputation is conclusively presumed without any

further showing. Contento v. Mitchell, 28 Cal. App. 3d 356, 358 (1972).

114. In this case, Plaintiff was subjected to slander per se and no privilege would attach as the

false allegations being complained of caused the news papers and other media outlet to

publish inaccurate reports that damaged Plaintiff's character and tarnished her reputation in

the community.  Shamley v. ITT Corp., 869F.2d 167, 173 (2nd Cir.1989).

115. Slander per se entitles Plaintiff to an award of special damages, general damages (including separate elements for reputational harm and emotional distress) and punitive damages. *Contento v. Mitchell*, 28 Cal. App. 3d 356 (1972).

**Retaliation.**

116. Pursuant to federal law and New York Stale Executive Law, an employer or any other person is prohibited from retaliating against an employee for opposing or otherwise complaining about sexual harassment. Under federal law, it is well-established that adverse employment actions short of termination are sufficient to support a claim of unlawful retaliation. For example, being "excluded from . . . seminars [and] meetings," being subjected to "verbal and physical abuse," and being subjected to a hostile work environment are all actionable adverse employment actions. *See, e.g.*, Antidiscrimination laws (including Title VII, ADEA, ADA and FMLA) generally prohibit employers from taking retaliatory action or discriminating against an employee, an applicant or a former employee because the employee opposed an unlawful employment practice or the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the relevant antidiscrimination law. *See, e.g.*, 42 U.S.C. § 2000e-3(a).

117. As with discrimination claims, retaliation claims are analyzed in accordance with a three-step shifting burden of proof. *Pronin v. Raffi Custom Photo Lab, Inc.*, 383 F. Supp. 2d 628, 640 (S.D.N.Y. 2005) ("[r]etaliation claims are similarly governed by the [McDonnell Douglas] burden-shifting framework"). The complainant must first establish a prima facie case of retaliation. Once the complainant meets that initial burden, the employer must present a legitimate, non-retaliatory reason for taking the action in question. If the employer articulates a nondiscriminatory reason for the employment decision, the employee bears the ultimate burden of proving that the employer's explanation is merely a pretext for actual retaliation. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998); *Holt v. KMI-Cont'l*, 95

F.3d 123 (2d Cir. 1996), cert. denied, 520 U.S. 1228 (1997).

118. On numerous occasions plaintiff was subjected to humiliation and unfair treatment by her employers in that Plaintiff tried desperately to assert her innocence, to gain an investigation into the allegations, to have a fair opportunity to be heard and in every interview and or contact, Plaintiff was treated like a common criminal, and was made to feel as though her young black female life did not matter.

119. Once Plaintiff complained, she was terminated.

120. The fact that such adverse employment actions occurred contemporaneously with and subsequent to her complaints is sufficient to establish a causal connection and, thus, an underlying retaliatory motive. See, e.g., Flait v. North Am. Watch Corp., 3 Cal. App. 4th 467 (1992).

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983

121. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "120" of the complaint with the same force and effect as if set forth at this point.

122. The above paragraphs are here incorporated by reference.

123. The officer defendants wrongfully, illegally, and unjustifiably arrested, detained, imprisoned, and falsely charged plaintiff, depriving her of her liberty.

124. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

125. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

126. All of this occurred without any illegal conduct by plaintiff.

127. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

128. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of her constitutional rights secured by the United States Constitution.

129. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

130. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

131. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to her business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## SECOND CAUSE OF ACTION
### MUNICIPAL LIABILITY

132. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "131" of the complaint with the same force and effect as if set forth at this point.

133. The above paragraphs are here incorporated by reference.

134. The City is liable for the damages suffered by plaintiff because, after learning of its employees' violations of New Yorkers' constitutional rights, the City has: failed to remedy

the wrong; created a policy or custom under which unconstitutional practices regularly occur and even thrive; and has been grossly negligent in managing subordinates who cause the unlawful events. The result of the City's inaction is a culture within the NYPD where the same officers, the same units, and the same precincts repeatedly and routinely engage in acts of misconduct. By failing to properly train, supervise, and discipline its employees, agents, and servants, the City effectively encourages illegal, immoral, and unprofessional behavior.

135. On numerous occasions over the span of many years, the City of New York has been alerted to the regular use of excessive force and the frequency of false arrests charges brought by its police officers.

136. Despite having acquired such knowledge, the City has refused to appropriately sanction its employees' illegal behavior.

137. The City's deliberate indifference to civil rights violations committed by individual police officers, as well as patterns of misconduct committed by the same officers or occurring in the same precinct has caused the constitutional violations against Plaintiff in this case.

138. As a result of the New York State constitutional violations complained of, the Plaintiffs are entitled to fair and just compensation for the loss of the integrity and stability of the family units.

139. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

140. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION
### (DEFENDANT NYC DEPARTMENT OF CORRECTIONS)

141. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "140" of the complaint with the same force and effect as if set forth at this point.

142. The above paragraphs are here incorporated by reference.

143. Plaintiffs have suffered damages as a direct and proximate result of the wrongful termination of Plaintiff, and as a result of the acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

144. The above complaints are a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

145. The Plaintiff has placed defendant on notice of the complaint set forth herein via the filing of a 50H notice with the City.  However, plaintiff has not filed any complaints with the EEOC and or Human Rights Commission.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

146. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "145" of the complaint with the same force and effect as if set forth at this point.

147. The above paragraphs are here incorporated by reference.

148. Plaintiff has suffered damages as a direct and proximate result of the unlawful conduct, ,acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

149. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

150. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "149" of the complaint with the same force and effect as if set forth at this point.

151. The above paragraphs are here incorporated by reference.

152. Plaintiff has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

153.  That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (BREACH OF CONTRACT)
## As to Defendant Department Of Corrections

154. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "153" of the complaint with the same force and effect as if set forth at this point.

155. The above paragraphs are here incorporated by reference.

156. Plaintiff has suffered damages as a direct and proximate result of the Defendants' breach of its contractual obligations to Plaintiff and the unlawful acts and omissions complained of above herein and continues to economic loss, to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

157.  That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (DEFAMATION/SLANDER/LIBEL)

158. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "157" of the complaint with the same force and effect as if set forth at this point.

159. The above paragraphs are here incorporated by reference.

160. Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

161.  That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### (ATTORNEY'S FEES)

162. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "161" of the complaint with the same force and effect as if set forth at this point.

163. The above paragraphs are here incorporated by reference.

164. Plaintiff has incurred attorney's fees and has suffered damages as a direct and proximate result of the unlawful, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

165. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A NINTH CAUSE OF ACTION
## (RETALIATION)

166. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "165" of the complaint with the same force and effect as if set forth at this point.

167. The above paragraphs are here incorporated by reference.

168. Plaintiff has suffered damages as a direct and proximate result of the Defendants' breach of its contractual obligations to Plaintiff and the unlawful acts and omissions complained of above herein and continues to economic loss, to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

169. Plaintiff took the appropriate steps with reference to the hostilities and unfair treatment based on Plaintiff's race, age, gender and ethnicity to no avail.

170. Instead, of addressing the issues appropriately, defendants joined forces and took steps that resulted in the wrongful termination, inability to secure future employment and public shaming of Plaintiff..

171. That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## TENTH CAUSE OF ACTION
MALICIOUS PROSECUTION

172. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "171" of the complaint with the same force and effect as if set forth at this point.

173. The above paragraphs are here incorporated by reference.

174. The defendants caused and or commenced, pursued and or maintain a criminal prosecution against Plaintiff.

175. Defendants knew or should have known the allegations were false and or predicated on prejudice, bias or hate.

176. The action was dismissed against Plaintiff.

177. The defendants' actions were malicious at best.

178. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

179. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## ELEVENTH CAUSE OF ACTION
HARASSMENT

180. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs

23

"1" through "179" of the complaint with the same force and effect as if set forth at this point.

181. The above paragraphs are here incorporated by reference.

182. Defendants have engaged in a pattern of behavior against Plaintiff that serves no legitimate purpose and is intended to harass, annoy and alarm Plaintiff and to subject Plaintiff to public humiliation.

183. This behavior by Defendants caused Plaintiff to worry constantly, to fear physical harm, to have difficulties sleeping and to constantly consider what if anything else Defendants will do to harass plaintiff.

184. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

185. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

### TWELFTH CAUSE OF ACTION
FAILURE TO PROPERLY INVESTIGATE

186. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "185" of the complaint with the same force and effect as if set forth at this point.

187. The above paragraphs are here incorporated by reference.

188. Defendants took no steps to investigate and as a direct result of such failure, Plaintiffs were injured irreparably.

189. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

190. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## THIRTEENTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACTS

191. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "165" of the complaint with the same force and effect as if set forth at this point.

192. The above paragraphs are here incorporated by reference.

193. The acts by Defendants prevented Plaintiff from enjoying the benefits of her employment (contract) that was created when Plaintiff accepted her job with the Department of corrections.

194. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

195. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## FOURTEENTH CAUSE OF ACTION
PUNITIVE DAMAGES

196. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "195" of the complaint with the same force and effect as if set forth at this point.

197. The above paragraphs are here incorporated by reference.

198. Defendants have engaged in behavior against Plaintiff that is absolutely reprehensible and warrants a finding that Plaintiffs' conduct rises to the highest degree of reprehensibility.

199. It is respectfully submitted that no amount of compensatory damages that Plaintiff is awarded can offset any punitive damages that Plaintiff should be entitled to from Defendant.

200. Plaintiff was affected, professionally, personally and emotionally by Defendants' conduct and punitive damages are warranted and necessary.

201. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

202. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## FIFTEENTH CAUSE OF ACTION
FRAUD

203. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "202" of the complaint with the same force and effect as if set forth at this point.

204. The above paragraphs are here incorporated by reference.

205. The Defendants has fraudulently raised claims against Plaintiff that led to her arrest, prosecution, detention and wrongful termination, none of which would have occurred but for Defendants' false statements.

206. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

207. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## SIXTEENTH CAUSE OF ACTION
### LEGAL FEES, COSTS AND DISBURSEMENTS

208. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "207" of the complaint with the same force and effect as if set forth at this point.

209. The above paragraphs are here incorporated by reference.

210. Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in defending this malicious and frivolous prosecution, immigration removal proceedings, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

211. Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

212. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

213. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## DAMAGES

214. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "167" of the complaint with the same force and effect as if set forth at this point.

215. Plaintiff is seeking punitive damages against Defendant.

216. Plaintiff is seeking compensatory damages against Defendant.

217. Plaintiff is seeking actual damages against Defendant.

218. Plaintiff is seeking incidental damages against Defendant.

219. Plaintiff is seeking attorney's fees, cost and disbursements in litigating this matter.

220. Plaintiff can recover punitive damages in the instant action because punitive or exemplary damages may be awarded where the defendant's conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer," Whitney v.

Citibank, N.A., 782 F.2d 1106, 1118 (2d Cir. 1986) (citing Walker v. Sheldon, 10 N.Y.2d

401, 404–05 [1961]).

221. Here the courts should grant punitive damages as a means of punishing Defendants for

their actions which are "morally culpable, or is actuated by evil and reprehensible motives,

not only to punish the defendant, and to deter such future conduct by Defendant, as well as

others who might otherwise be so prompted, from indulging in similar conduct in the

future," Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169 (1st Dept.

1999) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 [1961]).

222. Plaintiff maintains that punitive damages are appropriate here because Defendant's conduct

was intentionally harmful conduct, willfully or wantonly negligent and or reckless.

Fordham-Coleman v. Nat'l Fuel Gas Distribution Corp., 42 A.D.3d 106, 113, 834 NYS.2d

422, 428 (4th Dept. 2007).

223. The punitive damages being sought here are recoverable because Defendants acted with the

degree of malice akin to the mens rea required for most crimes. Jeffries v. Harleston, 21

F.3d 1238, 1249, cert. granted, vacated on other grounds, 513 U.S. 996 (1994).

224. While punitive damage is not a separate cause of action, it is well settled that Plaintiff can

recover punitive damages here upon establishing the underlying claims outlined in the

causes of action. In re Pfohl Bros. Landfill Litig., 26 F.Supp.2d 512, 548 vacated Freier v.

Westinghouse Elec. Corp., 303 F.3d 176 (WDNY 1998).

225. Plaintiff concedes that punitive damages are never awarded as of right, no matter how

egregious defendant's conduct, In re Simon II Litigation, 211 FRD 86, 162 (EDNY 2002),

vacated, Simon II Litig. v. Philip Morris USA Inc. (In re Simon II Litig.), 407 F.3d 125 (2d

Cir. 2005).

226. Plaintiff maintains that even if plaintiff suffers only minimal damage, willful and

intentional misconduct may be basis for award of punitive damages, In re Baker, 18 B.R.

243, 245 (Bankr. WDNY 1982)

227. In addition, Plaintiff concedes that the courts have made it clear that punitive damages are generally not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).

228. Nor may they be recovered for an isolated breach of contract even if it is willful and without justification, Campo v. 1st Nationwide Bank, 857 F.Supp. 264, 273 (EDNY 1994). Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a pattern directed at the public generally.  Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY 2006).

229. New York law provides that fraudulent conduct may give rise to punitive damages; however, mere fraud is insufficient to support a claim of punitive damages. Evil and reprehensible motives are still required. Solutia Inc. v. FMC Corp., 456 F.Supp.2d 429, 453 reconsideration denied (SDNY 2006).

230. Here, Plaintiff can recover punitive damages for emotional distress, because the Plaintiff has shown that defendant engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff.

231. Here, Defendants' conduct was not merely incidental to proper business motives and thus the damages being sought are appropriate. O'Dell v. New York Prop. Ins. Underwriting Assn., 145 A.D.2d 791, 792, 535 NYS.2d 777, 779 (3d Dept. 1988).

232. All of the damages being sought above herein are based upon the causes of actions being pursued herein, and are based on the unlawful acts and/or omissions by Defendants which

are the direct and proximate cause/result of the damages Plaintiffs now complain of and form the basis of the causes of action being pursued by Plaintiffs against Defendant.

**WHEREFORE**, Plaintiff respectfully demands and requests judgment against the Defendants as follows:

a)   On Plaintiff's First cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

b)   On Plaintiff's second cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

c)   On Plaintiff's Third cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

d)   On Plaintiff's Fourth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

e)   On Plaintiff's Fifth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

f)  On Plaintiff's Sixth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

g)  On Plaintiff's Seventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

h)  On Plaintiff's Eighth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

i)  On Plaintiff's Ninth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

j)  On Plaintiff's Tenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

k)  On Plaintiff's Eleventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

l)   On Plaintiff's Twelfth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

m)   On Plaintiff's Thirteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

n)   On Plaintiff's Fourteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

o)   On Plaintiff's Fifteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

p)   On Plaintiff's Sixteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

233.   As to all causes of action, punitive, compensatory, incidental and actual damages, in an amount to be determined by the trier of facts and consistent with the laws of the State of New York; and

234.   A grant of such other and further relief as this Court shall deem just and proper.

235. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

236. As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. An Order granting Plaintiffs' demand for judgment against Defendants jointly and severally; and

B. An Order granting Plaintiff's demand for a money judgment of $10,000,000, representative of the $8,000,000.00 for the sixteen (16) causes of action plus $2,000,000.00 in punitive damages, in favor of Plaintiff against Defendants jointly and severally for each cause of action; and

C. An Order granting Plaintiffs' request to proceed with their State Court claims simultaneously with the Federal Court claims being pursued in this matter; and

D. An Order directing Defendants from engaging in any actions against Plaintiffs' interest that are intended to be retaliatory or otherwise punitive against Plaintiffs; and

E. An Order awarding Plaintiffs punitive damages in an amount exceeding the jurisdictional limits of all the lower courts for each cause of action,

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this

action; and

D.    Awarding Plaintiffs such other and further relief as this Court deems just and

proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:      Brooklyn, New York
            November 16, 2018

                                    Yours, etc.,
                                    /s/ *Audrey A. Thomas, Esq.*
                                    AUDREY A. THOMAS, ESQ.
                                    THE LAW OFFICE OF AUDREY
                                    THOMAS, PLLC
                                    245-07 FRANCIS LEWIS BLVD
                                    ROSEDALE, NY 11422
                                    718-276-2729 (PH) 718-276-0196(FX)
                                    audreythomasesq@gmail.com
                                    By: AUDREY A. THOMAS,
                                    (4050548)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Index No.:
-------------------------------------------------------------------------------X
CAMMI ORTIZ,
                            Plaintiffs,

            -against-

MICHAEL ARDOLINO SHIELD NO. 3101, individually
and as an agent of THE NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT COMMAND;
THE NEW YORK CITY POLICE DEPARTMENT 75
POLICE PRECINCT, POLICE OFFICER DANIEL
GERARDI, SHIELD #: UNKNOWN), individually and as
a member of the NEW YORK CITY POLICE DEPARTMENT
75TH POLICE PRECINCT COMMAND; POLICE SARGEANT
 GARY CALHOUN, SHIELD #: UNKNOWN), individually and
 as a member of the NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT COMMAND;
THE NEW YORK CITY DEPARTMENT OF CORRECTIONS,
THE CITY OF NEW YORK.
                            Defendants
-------------------------------------------------------------------------------X

## **VERIFICATION**

        I, CAMMI ORTIZ, am the Plaintiff in the above captioned case, and I make this
verification in this matter. I make this verification based on my own personal knowledge, and
based on my interactions with the Defendants, and my review of the file I maintain in this matter.
As to the matters alleged herein, I verify that upon information and belief they are true to the best
of my knowledge.

Dated: Queens, NY
        November 16, 2018


                            Respectfully submitted,

                            _Cammi Ortiz_
                            CAMMI ORTIZ, PLAINTIFF



SWORN TO BEFORE ME
THIS 16TH DAY OF November 2018

AUDREY A. THOMAS, ESQ. NOTARY
ID#: 02TH6083252 EXP:  12/18/2018
QUEENS, NY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CAMMI ORTIZ,

                                              Plaintiffs,

                  -against-
                                                                    **CERTIFICATE OF MERIT**

MICHAEL ARDOLINO SHIELD NO. 3101, individually
and as an agent of THE NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT COMMAND;
THE NEW YORK CITY POLICE DEPARTMENT 75
POLICE PRECINCT, POLICE OFFICER DANIEL
GERARDI, SHIELD #: UNKNOWN), individually and as
a member of the NEW YORK CITY POLICE
DEPARTMENT 75TH POLICE PRECINCT
COMMAND; POLICE SARGEANT GARY CALHOUN,
SHIELD #: UNKNOWN), individually and as a member of
the NEW YORK CITY POLICE DEPARTMENT 75TH
POLICE PRECINCT COMMAND; THE NEW YORK
CITY DEPARTMENT OF CORRECTIONS, THE CITY
OF NEW YORK.
                                              Defendants.
------------------------------------------------------------------------ x

WE, AUDREY A. THOMAS, ESQ., PLAINTIFFS' ATTORNEYS IN THIS ACTION, HAVE
CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON THE
RELEVANT ISSUE AND I HAVE CONCLUDED THAT THERE IS A REASONABLE
BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

November 16, 2018

Yours, etc.,
/s/ AUDREY A. THOMAS
AUDREY A. THOMAS, ESQ.
THE LAW OFFICE OF AUDREY THOMAS PLLC
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH)
718-276-0196(FX)
audreythomasesq@gmail.com
By: AUDREY A. THOMAS, (4050548)