UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAMMI ORTIZ,

        Plaintiff,

v.

POLICE OFFICER MICHAEL ARDOLINO,
DANIEL GERARDI, SERGEANT MICHAEL
CALHOUN, NEW YORK CITY POLICE
DEPARTMENT 75 PRECINCT, NEW YORK
CITY DEPARTMENT OF CORRECTIONS,
THE CITY OF NEW YORK,

        Defendants.

**MEMORANDUM & ORDER**
19-CV-0069 (ILG) (ST)

GLASSER, Senior United States District Judge:

      On January 4, 2019, plaintiff Cammi Ortiz filed a complaint (the "Complaint") against the City of New York ("City"), the New York City Department of Corrections ("DOC"), the New York City Police Department ("NYPD"), the 75th Precinct of the NYPD,[1] Police Officer Michael Ardolino, Police Officer Daniel Gerardi, and Sergeant Michael Calhoun. The Complaint alleges a cause of action pursuant to 42 U.S.C. § 1983 for false arrest, as well as a cause of action against the City of New York for municipal liability. The complaint also alleges causes of action for wrongful termination as against the DOC and retaliation as against all Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), The New York State Human Rights Law ("NYSHRL"), The New York City Human Rights Law ("NYCHRL"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). Finally, the Complaint alleges state law causes of action for intentional infliction of emotional distress, negligent infliction of emotional

---

[1] Although not named separately in the caption of the complaint, Plaintiff specifically names the New York City Police Department and its 75th Precinct as distinct defendants within the body of the Complaint. (See Compl. ¶¶ 19-20).

1

distress, breach of contract as against the DOC, defamation, malicious prosecution, harassment, failure to properly investigate, tortious interference with contracts, and fraud.

On August 30, 2019, the Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint. The Court grants the motion as to all claims except for Plaintiff's claims for false arrest and malicious prosecution as against the individual defendants.

**FACTS**

The following facts are taken from the Complaint which, for the limited purposes of this motion, are considered to be true. On May 10, 2017, the Defendants arrived at 226 Montauk Avenue, an apartment building, for the purpose of executing an arrest warrant against an individual named William Wright. (Compl. ¶ 26). Wright stepped out of his apartment to surrender to them. (Compl. ¶ 27). The defendants and other NYPD officers entered the apartment without a search warrant. (Compl. ¶¶ 27-28). Plaintiff, a correction officer employed by the New York City DOC, was in the apartment and was arrested for possession of drugs and other contraband. (Compl. ¶¶ 29-30). Police officers allegedly notified media outlets that she was dealing drugs with members of the "Pink House criminal enterprise."[2] (Compl. ¶ 34). She was subsequently indicted, but the indictment was later dismissed and sealed. (Compl. ¶¶ 31, 37-39). Despite this dismissal, the DOC terminated her employment. (Compl. ¶¶ 31, 33). She has thereafter been repeatedly denied employment. (Compl. ¶ 36). She alleges suffering loss of

---

[2] The Louis Heaton Pink Houses, or "Pink Houses," is a housing project in the East New York neighborhood of Brooklyn which is owned and managed by the New York City Housing Authority ("NYCHA"). See NYCHA Property Directory Development Guide, 156, (April 23, 2020), https://www1.nyc.gov/assets/nycha/downloads/pdf/Development-Guide-04-23-2020.pdf.

employment, extreme emotional disturbance, substantial weight loss, damage to her reputation, and damage to her ability to earn a living. (Compl. ¶¶ 31, 43).

## LEGAL STANDARD

### I. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the Plaintiff will not suffice. Id. (internal quotations and citations omitted). This Court must accept as true all of the allegations in the complaint and draw all reasonable inferences in the Plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).

## DISCUSSION

### I. **The NYPD, the 75th Precinct of the NYPD, and the DOC are not suable entities**

As an initial matter, it is well-settled that the NYPD, its 75th Precinct, and the DOC are not suable entities. Maier v. N.Y. City Police Dep't, 2009 WL 2915211, at *2 (E.D.N.Y. Sept.1, 2009); Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997). Therefore, all claims against them are dismissed.

### II. **False Arrest and Malicious Prosecution**

Defendants have moved to dismiss Plaintiff's complaint in its entirety, but their motion papers make no argument for the dismissal of her claims for false arrest and malicious

3

prosecution. See, generally, Defs.' Mem. of Law; Compl. ¶¶ 121-31, 172-79. Therefore, the Defendants' motion to dismiss these claims is denied.

### III. Municipal Liability

Plaintiff asserts a municipal liability claim against the City pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). To succeed on that claim, a plaintiff must establish three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Martin v. City of New York, 627 F. Supp. 892, 895 (E.D.N.Y. 1985) (citing Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)). A custom or policy may be established through statements of policy, ordinances, regulations, or decisions "officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690.

Plaintiff evidences none of these factors other than a rote recitation which informs the dismissal of the Monell claim.

### IV. Intentional Infliction of Emotional Distress

"[I]ntentional infliction of emotional distress ("IIED") is a highly disfavored tort under New York law." Swanson v. City of New York, 2017 WL 3130322, at *15 (E.D.N.Y. July 21, 2017) (quoting Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 158 (2d Cir. 2014)). Under New York law, a plaintiff must show (i) extreme and outrageous conduct, (ii) intent to cause, or disregard of a substantial likelihood of causing, severe emotional distress, (iii) a causal connection between the conduct and injury, and (iv) severe emotional distress." Soliman v. City of New York, 2017 WL 1229730, at *10 (E.D.N.Y. Mar. 31, 2017) (citations omitted).

Plaintiff's IIED claim is nothing more than a formulaic recitation of the elements of the claim and must be dismissed.

## V. Negligent Infliction of Emotional Distress

"A plaintiff may establish a claim for negligent infliction of emotional distress ("NIED") under New York law in one of two ways: the 'bystander' theory or the 'direct duty' theory." Semencic v. Cnty of Nassau, 2020 WL 435294, at *9 (E.D.N.Y. Jan. 28, 2020) (citing Mortise v. United States, 102 F.3d 693, 696 (2d Cir. 1996)). The duty has to be specific to the plaintiff and when there is no such duty owed, no recovery is allowed. McCray v. City of New York, 2007 WL 4352748, at *29 (S.D.N.Y. Dec. 11, 2007).

Plaintiff does not allege any specific duty or obligation owed, but rather alleges in a conclusory fashion that she "has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein . . . ." (Compl. ¶ 152). Moreover, her claim is foreclosed by her assertions that she was falsely arrested and charged by these same officers. "A plaintiff cannot asset a NIED claim based on intentional act, such as an arrest." Simon v. City of New York, 2011 WL 317975, at *17 (E.D.N.Y. Jan. 3, 2011), report and recommendation adopted, 2011 WL 344757 (E.D.N.Y. Feb. 1, 2011). In essence, the emotional distress she claims was negligently inflicted is subsumed by the intentional tort of false arrest.

## VI. Defamation/Slander/Libel

"To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused 'special damages." Thorsen v. Sons of Norway, 996 F. Supp. 2d 143, 163 (E.D.N.Y. 2014) (citations omitted); see also Stepanov v. Dow Jones & Co., 987 N.Y.S. 2d 37, 41–42 (2014). Plaintiff alleges that her name was

"plastered over the television and newspapers as the police reported to the press that the Plaintiff was a member of the Pink house gang criminal enterprise and that they were engaged in drug dealing schemes and plans." (Compl. ¶ 68). She has not alleged which defendant, if any, made defamatory statements to the media, where these statements were published, or what damage these statements caused. Therefore, her claims for defamation, including those for slander and libel, are dismissed without prejudice to an amendment pleading this claim with specificity.

VII. **Harassment**

The Complaint pleads a generalized harassment claim alleging summarily that the Defendants "have engaged in a pattern of behavior against Plaintiff that serves no legitimate purpose and is intended to harass, annoy, and alarm Plaintiff and to subject Plaintiff to public humiliation." (Compl. ¶ 182). New York does not recognize a common-law cause of action to recover damages for harassment and therefore this claim is dismissed. Wells v. Town of Lenox, 974 N.Y.S.2d 591, 593 (N.Y. App. Div. 3rd Dep't 2013).

VIII. **Failure to Investigate**

"[A] failure to investigate claim is not independently cognizable as a stand-alone claim…." Smalls v. Cnty. of Suffolk, 2019 WL 4038742, at *16 (E.D.N.Y. Aug. 27, 2019). Rather, allegations of failure to investigate are considered under claims for false imprisonment, false arrest, or malicious prosecution. Campbell v. Giuliani, 2000 WL 194815, at *3 n.6 (E.D.N.Y. Feb. 16, 2000). Therefore, this claim is dismissed.

IX. **Fraud**

The elements of a fraud claim under New York law are: "(1) a misrepresentation or omission of material fact; (2) made deliberately or knowingly (with *scienter*); (3) with the intent

to defraud; (4) reasonable reliance on the representation; and (5) pecuniary damages or loss." M&T Mortgage Corp. v. White, 736 F. Supp. 2d 538, 560–61 (E.D.N.Y. 2010). "Plaintiff will not demonstrate the reliance element of fraud 'by showing only that a third party relied on a defendant's false statements.'" Ratner v. Robinson, 2015 WL 6965077, at *13 (E.D.N.Y. Nov. 10, 2015) (internal quotation omitted).

Plaintiff only alleges that the third parties who facilitated her arrest, prosecution, detention, and termination from employment relied on the Defendants' false statements. (Compl. ¶ 205). Her allegations are solely founded in third-party reliance and are dismissed.

## X. Wrongful Termination and Breach of Contract

The Complaint states causes of action for wrongful termination and breach of contract as against defendant DOC (Compl. ¶¶ 141-45, 154-57). Because these claims are only brought against the DOC, a non-suable entity, they are dismissed.

## XI. Retaliation

The Complaint states causes of action for retaliation pursuant to Title VII, NYSHRL, NYCHRL, and the ADEA. (See Compl. ¶¶ 75-78, 116, 166-70).

1. Title VII and ADEA

Plaintiff's claims brought pursuant to Title VII and the ADEA must be dismissed due to plaintiff's failure to exhaust administrative remedies. "Each of those statutes requires a plaintiff to file a timely charge with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in federal court." Elliot-Leach v. New York City Dep't of Educ., 710 F. App'x 449, 451 (2d Cir. 2017). Plaintiff admits that she did not file a charge of discrimination with the EEOC before commencing this action. (See Compl. ¶¶ 45, 145).

7

2. NYSHRL and NYCHRL

"To establish a prima facie case of retaliation under the NYSHRL, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) the employer was aware of this activity; (3) she suffered a materially adverse action and (4) a causal connection exists between the protected activity and the adverse action." Mi-Kyung Cho v. Young Bin Cafe, 42 F. Supp. 3d 495, 506 (S.D.N.Y. 2013). "Similarly, to establish a prima facie case of retaliation under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct." Id.

Plaintiff's has failed to allege that she engaged in any protected activity nor that there was a causal connection between a protected activity and her termination. "Protected activity within the meaning of the NYSHRL and NYCHRL is conduct that oppos[es] or complain[s] about unlawful discrimination." Id. (internal quotation omitted). Plaintiff only alleges that she was terminated after trying to assert her innocence. (Compl. ¶¶ 118-19). This is not a protected activity. Accordingly, her claim for retaliation must be dismissed.

XII. Tortious Interference With Contracts

"To state a claim for tortious interference under New York law, a plaintiff must show: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of a third-party's breach of contract without justification; and (4) damages." Edelman v. United States Gov't, 2020 WL 7123175, at *16 (E.D.N.Y. Dec. 4, 2020).

Plaintiff does not allege that the Defendants had knowledge of her employment contract or intended to breach it and her claim must be dismissed.

## CONCLUSION

The motion to dismiss is hereby GRANTED as to all claims except for Plaintiff's claims for false arrest and malicious prosecution as against the individual defendants.

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court grants the Plaintiff leave to amend the Complaint as to her defamation claim for the purpose of repleading this claim with specificity.[3]

SO ORDERED.

Dated: Brooklyn, New York
May 21, 2021

/s/
I. Leo Glasser                    U.S.D.J.

---

[3] Many of the claims alleged in Plaintiff's Complaint are wholly unsupported by the facts and likely constitute a violation of the requirement of F.R.C.P. 11(b)(3) that all claims be warranted by existing law or by a nonfrivolous argument for changing existing law. Any amendment to Plaintiff's Complaint must be made within the bounds of Rule 11.